IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDDIE ANTHONY MORROW,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**JOHN DOE** )<br>**OWNER, F&P DEVELOPMENT,** )<br>*et al.*, )<br>)<br>**Defendants.** ) | Case No. 1:24-cv-68-SPB |

### MEMORANDUM OPINION

Plaintiff Eddie Anthony Morrow commenced the instant civil action by filing a motion to proceed *in forma pauperis*, ECF No. [1], and attaching to it a complaint directed against two "John Doe" Defendants affiliated with "Millville Insurance Co." and "F&P Development," respectively. ECF No. [1-2]. Plaintiff avers that, on March 23, 2022, he was sleeping at his house on Ash Street in the City of Erie when "the ceiling in [his] bedroom collapsed on top of [him], causing back and neck injuries." ECF No. 1-2 at 4-5. Plaintiff states that he has required physical therapy and medications to control his pain. *Id*. at 5. He seeks: (1) compensatory damages in the amount of $10,000 against each Defendant for his alleged pain and suffering, (2) compensatory damages in the amount of $10,000 against each Defendant for "cruel and unusual punishment"; and (3) punitive damages in the amount of $10,000 against each Defendant "for violations of Plaintiff's civil rights." *Id*.

1. Review of Plaintiff's Application for Leave to Proceed *In Forma Pauperis*

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed *in forma pauperis*. *See Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d

1

Cir. 1990). "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed *in forma pauperis* under § 1915(a). Second, the court assesses the complaint under [§ 1915(e)(2)] to determine whether it is frivolous." *Id*. (citing *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976)); *Schneller v. Abel Home Care, Inc*., 389 F. App'x 90, 92 (3d Cir. 2010). Based upon a review of Plaintiff's application, the Court finds that Plaintiff is without sufficient funds to pay the required filing fee. Therefore, he will be granted leave to proceed *in forma pauperis*, and the Clerk will be directed to docket his complaint.

    2. <u>Review of Plaintiff's Complaint Under 28 U.S.C. §1915(e)(2)</u>

Pursuant to 28 U.S.C. § 1915(e)(2), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it: (1) is based upon an indisputably meritless legal theory and/or, (2) contains factual contentions that are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Whether a complaint fails to state a claim under §1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). This standard requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). When reviewing a complaint to determine whether it states a cognizable legal claim, we accept the well-pled factual averments as true and construe all reasonable inference arising from the facts in favor of the complainant. *See Taksir v. Vanguard Grp*., 903 F.3d 95, 96–97 (3d Cir. 2018).

The Federal Rules of Civil Procedure also require the Court to dismiss an action if, at any time, it appears the Court lacks subject matter jurisdiction over the claims in the case. *See* Fed. R. Civ. P. 12(h)(3). That is because federal court possess only limited jurisdiction; consequently, "this Court is compelled to satisfy itself, *sua sponte*, even where the issue is not fully raised, whether jurisdiction is appropriate." *Clark v. Applied Cardiac Sys. Inc*., No. 21CV1123, 2022 WL 798370, at *2 (W.D. Pa. Mar. 16, 2022).

Because the complaint in this case was filed by a *pro se* plaintiff, it must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). And, unless further amendment would be inequitable or futile, this Court must grant the Plaintiff an opportunity to cure any legal defects in his pleading. *See Grayson v. Mayview State Hosp*., 293 F.3d 103, 114 (3d Cir. 2002).

In this case, the Court is compelled to dismiss the complaint without leave for further amendment. Plaintiff cannot state a viable federal civil rights claim, nor can he establish federal jurisdiction over his state law claims.

      a.   *Plaintiff Has Failed to State a Viable Federal Claim*

Because Plaintiff references the alleged violation of his civil rights and also alludes to "cruel and unusual punishment," the Court assumes he is attempting to state a claim under 42 U.S.C. §1983. That statute provides a private right of action as against "any person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

To state a viable §1983 claim, Plaintiff must allege the violation of a federally guaranteed right by a person who was acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant acted under color of state law -- *i.e.*, was a state actor -- depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). In making this determination, the Court considers: "(1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Here, there are no averments in the complaint to plausibly establish the Defendants' status as state actors. Accordingly, Plaintiff has not stated a viable §1983 claim. Nor is it apparent that Plaintiff is attempting to invoke any other federal statute as a basis for this Court's jurisdiction. *See* 28 U.S.C. §1331.

### b. *Plaintiff Has Not Established Diversity-of-Citizenship Jurisdiction*

Based on the substance of Plaintiff's grievance, the Court assumes he may have state law claims predicated on the alleged breach of a contract, breach of an express or implied warranty, negligence, or the like. However, the Court cannot properly exercise jurisdiction over Plaintiff's putative state law claims unless (i) there is complete diversity of citizenship as between the Plaintiff and every Defendant, and (ii) the matter in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(a); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68

4

(1996) (noting that jurisdiction under 28 U.S.C. §1332 "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"); *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.") (alteration and emphasis in original).

For purposes of determining jurisdiction under 28 U.S.C. §1332(a), a natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely; therefore, allegations about a party's "residency," as opposed to "citizenship" or "domicile" are "jurisdictionally inadequate in [a] diversity of citizenship case." *McNair v. Synapse Group Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012) (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("[M]ere residency in a state is insufficient for purposes of diversity [of citizenship].")); *see Odell v. One W. Bank, NA*, No. CV 16-0984, 2016 WL 3551621, at *1 (E.D. Pa. June 30, 2016).

For purposes of §1332(a) jurisdiction, a limited liability company is considered to be a citizen of every state in which its members are citizens. *See Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016) (discussing the "oft-repeated rule" that the citizenship of an unincorporated entity depends upon the citizenship of its members). A corporation, by contrast, is deemed to be a citizen of every state where it is incorporated as well as the state where its principal place of business is located. *See* 28 U.S.C. § 1332(c)(1). "A corporation's principal place of business is its 'nerve center,' that is, the place 'where a corporation's officers direct, control, and coordinate the corporation's activities.'" *Grabowski v. Liberty Mut. Fire Ins.*

5

*Co.*, No. CIV.A. 3:14-815, 2014 WL 1745893, at *2 (M.D. Pa. May 1, 2014) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77 (2010)).

Importantly, "even a *pro se* plaintiff must affirmatively plead the citizenship of the individual defendants in order for the court to determine whether complete diversity of the parties in fact exists and thus whether the court has jurisdiction to adjudicate the matter." *Hong Manh Nguyen v. Casino*, No. 2:14CV683, 2015 WL 1291807, at *3 (W.D. Pa. Mar. 20, 2015) (citing *Crisafulli v. Ameritas Life Ins. Co.*, Civil Action No. 13–cv–05937, 2014 WL 2611839, at *3 (D.N.J. June 11, 2014)).  To adequately plead diversity, Plaintiff must at least allege that the defendants are not "citizen[s] of the plaintiff's state of citizenship." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 (3d Cir. 2015).

Here, Plaintiff has failed to plead any party's citizenship.  Although the complaint sets forth Plaintiff's Erie address, that is technically insufficient to establish his domicile or status as a Pennsylvania citizen.  As for the Defendants, there are no averments at all concerning the state of incorporation or principal place of business for either Millville Insurance Co. or F&B Development.  Nor has Plaintiff offered any allegations concerning the citizenship of the John Doe Defendant(s).  The complaint *does* provide a Pennsylvania mailing address for Millville Insurance Co., but to the extent that both Millville Insurance Co. and Plaintiff are citizens of this Commonwealth, jurisdiction under 28 U.S.C. §1332 is lacking.

It is also the Plaintiff's burden to "affirmatively plead the amount in controversy on the face of the complaint." *Hong Manh Nguyen,* 2015 WL 1291807, at *3; *see also Gray v. Occidental Life Ins. Co. of Cal.*, 387 F.2d 935, 937 (3d Cir. 1968).  Generally, "'[u]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith; it must appear to a legal certainty that the claim is really for less than the

6

jurisdictional amount to justify dismissal.'" *Id*. (quoting *Graham Co. v. Griffing*, Civil Action No. 08–1394, 2009 WL 1407779, at *1 (E.D. Pa. May 19, 2009)).  Here, Plaintiff seeks $60,000 in damages ($30,000 from each Defendant) -- an amount which is plainly below the jurisdictional threshold.  Nor is there any basis for inferring that the amount in controversy actually involves a greater sum.  Accordingly, Plaintiff's complaint is insufficient to establish subject matter jurisdiction under 28 U.S.C. §1332.

As noted, a plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).  Here, Plaintiff has not done so.  Accordingly, while Plaintiff's request to proceed *in forma pauperis* will be granted, his complaint must be dismissed for lack of subject matter jurisdiction.  And because it does not appear that the jurisdictional defects in Plaintiff's complaint can be cured, the Court's dismissal will be without leave to amend.  However, the dismissal is also without prejudice to Plaintiff's right to attempt to reassert his claims in state court.

An appropriate order follows.

*[signature]*

SUSAN PARADISE BAXTER
United States District Judge

.